UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE STATE
OF MICHIGAN,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                  Case No. 1:16 CV 166

DARREN EDWARD DYKSTRA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

On February 16, 2016, Defendant Darren Edward Dykstra filed in this Court a Notice of Removal purporting to remove to this Court an action initiated against him by the State of Michigan. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be **remanded** to state court.

## ANALYSIS

Defendant Darren Dykstra's handwritten Notice of Removal states, in its entirety, as follows:

> Writ in the Nature of: NOTICE OF FEDERAL REMOVAL
>
> All actions against the body of Christ's believing Darren Edward and Darren Edward's separate legal person DARREN EDWARD DYKSTRA are hereby removed from the State's 64B District Court of Montcalm County to the Federal District Court of the United States of America, Western District of Michigan.
>
> Including but not limited to the mere "Allegation of Contempt" a separate new charge [trial] from the original state action.

> This removal is based on the deprivation of rights under the "color of law" contrary to the Constitution and the laws of the United States of America. "Flag on the play" the United States Supreme Court has adjudicated that "the Plaintiff must assurt (sic) an injury."
>
> [can cite case - locked away in the property room along with unrebutted (sic) affidavits], common law deposition, and other writs; plus the formal civil cover sheet mailed in for this purpose - all kept out of reach pushed to trial.]
>
> Violations of due process, and other inherant (sic) inalienable rights.
>
> Darren Edward of the Dykstra family a common man at law, living breathing soul on soil.

(Dkt. #1 at PageID.1-2).

It is not clear whether Defendant Dykstra is seeking to remove to this Court a criminal action or a civil action. This is of no consequence, however, as regardless of characterization Defendant has failed to demonstrate that this Court has subject matter jurisdiction over the matter in question.

**I.        Removal of Civil Actions**

Federal district courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any civil action asserted in a state court over which a federal district court has original jurisdiction, "may be removed by the defendant. . .to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendant Dykstra, as the party seeking removal, "bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

Removal of this action to this Court is proper only if the claims asserted in Plaintiff's well-pleaded complaint arise under federal law. A claim arises under federal law if: (1) the cause of

action is "created by federal law" or (2) if it is a state law claim which "implicate[s] significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012). Federal law requires Defendant to submit to this Court "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

Even if Defendant's unintelligible Notice of Removal satisfies the "plain statement" requirement, Defendant has clearly failed to provide the Court with copies of the "process, pleadings, and orders" served or entered in the state court action. By failing to provide the Court with this information, Defendant cannot satisfy his burden to demonstrate that this Court can exercise jurisdiction over the claim(s) asserted by Plaintiff. Accordingly, in the event that the action Defendant seeks to remove is a civil cause of action, such must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

**II.     Removal of Criminal Actions**

Removal of a state court criminal action to a federal district court is an exceptional circumstance permitted in only rare circumstances. Criminal prosecutions against certain federal officials and members of the armed forces are subject to removal. *See* 28 U.S.C. §§ 1442, 1442a. A criminal defendant may also remove a state court prosecution to federal court if he "has been denied or cannot enforce the right to racial equality in the state courts." *Virginia v. Banks*, 498 Fed. Appx. 229, 230 (4th Cir., Nov. 29, 2012) (citing 28 U.S.C. § 1443); *see also*, *Noble v. Wayne County Prosecutor's Office*, 2014 WL 1515788 at *1-3 (E.D. Mich., Apr. 18, 2014) (same).

Federal law requires Defendant to submit to this Court "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1445(a). As previously noted, Defendant has failed to provide the Court with copies of the "process, pleadings, and orders" served or entered in the state court action. By failing to provide the Court with this information, Defendant cannot satisfy his burden to demonstrate that this Court can exercise jurisdiction over this matter. Simply put, Defendant has failed to establish that this matter satisfies one of the exceptional circumstances in which removal of a state court criminal prosecution is permitted. Accordingly, in the event that the action Defendant seeks to remove is a criminal prosecution, such must be remanded to state court. *See* 28 U.S.C. § 1445(b)(4) ("if it clearly appears. . .that removal should not be permitted, the court shall make an order for summary remand").

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that this matter be **remanded** to state court.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  April 15, 2016                                  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge